UNITED STATES v. TARANTO et al.

(Circuit Court, S. D. New York. April 21, 1896.)

CRIMINAL LAW—PASSING COUNTERFEIT BILLS—EVIDENCE—RES GESTÆ.

Upon a trial of an indictment charging the defendant and others with passing counterfeit bills, after evidence tending to show that he had supplied the bills to the persons who actually distributed them, the circumstances of the defendant, showing his situation and relations with other persons in whose possession bills from the same plate had been found in large quantities, are admissible in evidence as parts of the res gestæ, and as showing his facilities for supplying the bills and the commission of the offense.

(Syllabus by the Court.)

Motion for a New Trial on Exception to Evidence.

Nelson Smith and J. Palmieri, for the motion.

Wallace Macfarlane, U. S. Atty., and J. Hinman and Max Kohler, Asst. U. S. Attys.

BROWN, District Judge. Upon the trial direct evidence was given strongly pointing to the defendant Taranto as the person who had supplied the counterfeit bills sold by the other defendants; but on a search of his house, shop and premises, no counterfeit bills were found; nor any plate, or tools or other evidences of illicit business. He had a second-hand furniture shop in the basement, with two stands on the sidewalk adjacent. Under such circumstances it was competent for the government to show such relations of the defendant to others as might enable him to supply himself with such counterfeit bills if so disposed.

It was proved that he had previously been a partner with Bettini; that a large quantity of counterfeit five dollar bills were found in Bettini's house, made from the same plate as those which the evidence tended to show that the defendant had given to Rosa and Russo; and that Bettini's son and Giordani, who was arrested at Bettini's place, were seen about Taranto's premises. These were circumstances showing how Taranto might have obtained the bills in question. Such circumstances, even without any proof of actual concert of action with Bettini or any conspiracy between them were admissible as part of the res gestæ, as circumstances showing the situation and relations of the defendant, and his facilities for the commission of the offense. They were of the same character as proof of the defendant's business, his tools, his knowledge, his training; all of which may be given in evidence either in favor of the prisoner or against him in connection with the other circumstances of the case. Whart. Cr. Ev. (9th Ed.) §§ 753, 799.

Motion overruled.